IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00023-KDB-DCK

JEMAL FERRELL,

Plaintiff,

v.

AMERICAN AIRLINES, INC.,

Defendant.

ORDER

**THIS MATTER** is before the Court on Defendant American Airlines, Inc.'s ("American Airlines") Partial Motion to Dismiss ("Motion") (Doc. No. 5). Plaintiff Jemal Ferrell is a former American Airlines employee who brought this action claiming that the airline unlawfully denied his request for leave under the Family and Medical Leave Act and then wrongfully discharged him in violation of Title VII of the Civil Rights Act of 1964 and North Carolina state law. (*See* Doc. No. 1). In its Motion, American Airlines argues that Ferrell cannot bring his state law claim under the North Carolina Workers Compensation Act ("NCWCA") because he failed to exhaust his administrative remedies. (*See* Doc. Nos. 5, 6). Ferrell noted his opposition to the Motion but did not provide any arguments as to why the claim should not be dismissed. (*See* Doc. No. 12). For the reasons discussed below, the Court will **GRANT** Defendant's Motion.

I. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th

1

Cir. 2010), aff'd, 566 U.S. 30 (2012). A complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

## II. DISCUSSION

In his Complaint, Ferrell alleges that he was terminated in violation of public policy for exercising his rights under the NCWCA, N.C. Gen. Stat. § 97-1, *et seq*. (*See* Doc. No. 1, at 8-9). "To prevail on a claim for unlawful termination in violation of public policy[,] 'a plaintiff must identify a specified North Carolina public policy that was violated by an employer in discharging the employee.'" *Driskell v. Summit Contracting Group, Inc.*, 325 F. Supp. 3d 665, 675 (W.D.N.C. 2018) (quoting *McDonnell v. Guilford Count Tradewind Airlines, Inc.*, 670 S.E.2d 302, 305 (N.C. Ct. App. 2009)). An employer violates public policy by discriminating or retaliating against an employee who engaged in protected activity by exercising his or her rights under the NCWCA or the Retaliatory Employment Discrimination Act ("REDA"). *See* N.C. Gen. Stat. § 95-241(a)(1); *see Salter v. E & J Healthcare, Inc.*, 575 S.E.2d 46, 51-52 (N.C. Ct. App. 2003) (noting that it would violate public policy to fire an employee for exercising their statutory rights); *see also Lockie v. Staples Cont. & Com., Inc.*, No. 3:14-CV-00521-FDW, 2015 WL 93643, at *2 (W.D.N.C. Jan. 7, 2015) (stating that the NCWCA and REDA are "source[s] of policy establishing an employee's legally protected right of pursuing a workers' compensation claim") (citing *Nguyen v. Austin Quality Foods, Inc.*, 974 F.Supp.2d 879, 897 (E.D.N.C.2013)).

Although a plaintiff may allege that their termination violated the public policy underlying the NCWCA, the claim is "dependent upon the viability of [a] REDA claim," *Nguyen*, 974 F. Supp. 2d at 897, because the public policy underlying the REDA "constitutes the North Carolina General Assembly's position on worker's compensation-based retaliation," *Smith v. Computer Task Group, Inc.*, 568 F. Supp. 2d 603, 621 (M.D.N.C. 2008) (citing *Salter*, 575 S.E.2d at 53). Accordingly, to maintain a wrongful discharge claim based on a violation of public policy under the NCWCA, a plaintiff must exhaust his administrative remedies under the REDA. *Id.*.[1]

Section 95-242(a) of the REDA permits an employee aggrieved by a violation of the REDA to file a written complaint with the Commissioner of Labor. This complaint must be filed within 180 days of the alleged violation. *See* § 95-242(a). If the Commissioner declines to bring an action, he or she will issue a right-to-sue letter. *Id.* Only upon receipt of this right-to-sue letter may the employee commence a civil action in court. § 95-243(e) ("An employee may only bring an action under this section when he has been issued a right-to-sue letter by the Commissioner."). The civil action must be filed within 90 days of receiving the right-to-sue letter. *See* § 95-243(b).

Here, Ferrell does not allege that he filed a wrongful discharge complaint with the Commissioner of Labor nor has he pled that he received a right-to-sue letter. Without any evidence that Plaintiff exhausted the administrative remedies for his wrongful discharge claim under the NCWCA, the Court finds that the claim is barred. Therefore, the Court will **GRANT** Defendant's Partial Motion to Dismiss.

---

[1] Plaintiff did not respond to the assertion that he based his wrongful termination claim upon the public policy underlying both the NCWCA and REDA. (*See generally* Doc. No. 12). In his Complaint, Plaintiff alleged that he was terminated "for exercising rights under [t]he North Carolina Workers' Compensation Act i[n] a violation of that public policy." (Doc. No. 1, at 9). However, because the case law is clear that the two statutes work together, the Court reviewed this argument on the merits rather than considering it waived.

**SO ORDERED.**

Signed: October 11, 2023

Kenneth D. Bell
United States District Judge